IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY A. LILLY,

    Plaintiff,

v.                                                                       Civil Action No. 5:10CV65
                                                                             (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

The plaintiff, Nancy A. Lilly, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since December 15, 2001. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 15, 2008, before Administrative Law Judge ("ALJ") Karl Alexander. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") Lawrence S. Ostrowski. On August 18, 2008, the ALJ issued a decision finding that the plaintiff had the following severe impairments: history of abdominal pain due to endometriosis and lysis of adhesions status post laparoscopic surgery in March 2006; diagnosis of fibromyalgia; very early and minor degenerative arthritis of the right knee; depressive disorder, not otherwise specified; borderline intellectual

functioning; anxiety disorder, not otherwise specified; and panic disorder with agoraphobia.  The ALJ found that none of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform light work; requires a sit-stand option; can perform postural movements occasionally except cannot kneel, crawl, or climb ladders, ropes or scaffolds; should not be exposed to temperature extremes or hazards; should work in a low-stress environment with no production line type of pace or independent decision making responsibilities; is limited to unskilled work involving only routine and repetitive instructions and tasks; and should not have any interaction with the general public and no more than occasional interaction with supervisors and co-workers.  Thus, the ALJ concluded that the plaintiff is not capable of performing past relevant work.  The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to DIB.  The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner.  Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The plaintiff previously applied for DIB on March 17, 2004. The Social Security Administration denied the claims at the initial

and the reconsideration level. The plaintiff's first application was denied at the hearing level on April 3, 2006. The plaintiff requested a review of the decision and the Appeals Council affirmed the decision. United States Magistrate Judge James E. Seibert submitted a report and recommendation, finding that the Commissioner's decision to deny the plaintiff benefits was proper. The undersigned judge affirmed and adopted Magistrate Judge Seibert's report and recommendation, granting the Commissioner's motion for summary judgment and dismissing the plaintiff's case. On May 1, 2006, less than one month after the ALJ issued an unfavorable decision in her first claim, the plaintiff filed the present DIB claim. The ALJ found that there was no basis to reopen the prior decision because the plaintiff neither presented new and material evidence nor gave any other reason for reopening the case.

The present case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On December 13, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the decision of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and

recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, The plaintiff contends that: (1) there is a lack of support for the Commissioner's finding that Listing 12.04C was not met because (a) the Commissioner relied on the opinions of the State agency psychologists and discounted the opinion of Dr. Joseph without providing adequate reasons for doing so, (b) the ALJ stated in his decision that Dr. Joseph ignored significant symptom magnification when she interpreted the plaintiff's MMPI-2 examination, and (c) the ALJ failed to comply

with the minimum explanation requirements articulated in Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1983); and (2) the ALJ erred in not finding the plaintiff's bladder condition severe. Additionally, the plaintiff contends that the Appeals Council erred in determining that the additional evidence submitted did not provide a basis for reviewing the ALJ's decision finding that the plaintiff was not disabled.

The Commissioner contends that: (1) the plaintiff failed to meet her burden of demonstrating that her condition met listing 12.04C; and (2) the ALJ reasonably concluded that the plaintiff's bladder condition was not a severe impairment at step two of the sequential evaluation process.

Magistrate Judge Joel issued a report and recommendation, in which he held that substantial evidence supports the ALJ's decision to discount the opinion of Dr. Joseph and to rely on the opinions of the state agency psychologists because Dr. Joseph's opinion is inconsistent with her objective findings and other psychological evidence in the record. The magistrate judge next held that the ALJ was not required to call a medical expert to determine that the plaintiff's MMPI-2 results were invalid because he did not request or interpret the underlying "raw" test data. Magistrate Judge Joel next found that the ALJ provided sufficiently specific reasons in his decision as to why the plaintiff failed to meet listing 12.04C by incorporating the prior decision into his opinion and weighing the impact of new evidence on that decision. The magistrate judge

held that substantial evidence supports the ALJ's determination that the plaintiff's bladder condition was not severe.  Finally, the magistrate judge stated that the Appeals Council correctly determined that the medical evidence submitted regarding the use of a catheter was not new and material information providing a basis for changing the ALJ decision.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation.  In these objections, the plaintiff argues that the magistrate judge misstated the plaintiff's argument when he found that substantial evidence supported the ALJ's decision not to assign controlling weight to Dr. Joseph's opinion.  She argues that the ALJ did not provide legally sufficient reasons for the lack of weight afforded the Joseph opinion and assessment in view of the commissioner's specific regulation regarding the factors to be utilized in assigning weight to medical opinions.  She next objects to the finding that the ALJ was not required to call a psychological medical expert, that the ALJ had not interpreted the underlying raw test data of the MMPI-2, that the ALJ had not violated the HALLEX instructions to ALJs and that the plaintiff had not shown prejudice resulting from the error if one had occurred.  She next believes that the ALJ's "conclusory statement" does not satisfy the ALJ's obligations under <u>Cook</u> and that the ALJ did not provide specific reasons as to why the plaintiff failed to meet Listing 12.04C.  The plaintiff also objects to the finding that the bladder condition

6

was not severe. She objects to the finding that the Appeals Council did not err. Finally, she objects to the recommendation of the magistrate judge that substantial evidence supported the Commissioner's decision. The defendant filed a response to the plaintiff's objections.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In her objections, the plaintiff first argues that the magistrate judge misstated the plaintiff's argument when he found that substantial evidence supported the ALJ's decision not to assign controlling weight to Dr. Joseph's opinion. The plaintiff states that she did not assert that controlling weight should be afforded to Dr. Joseph's opinion. Instead, she contends that the ALJ did not provide legally sufficient reasons for the lack of weight afforded the Joseph opinion and assessment in view of the Commissioner's specific regulation regarding the factors to be

utilized in assigning weight to medical opinions. The plaintiff, therefore, argues that the ALJ's legal duty of explanation was not satisfied when he relied on the opinion of two state agency psychologists rather than the opinion of Dr. Joseph.

The Fourth Circuit has established a five part analysis for evaluating and weighing medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. § 404.1527(d).

Here, the ALJ followed the correct procedure in making the determination to afford little weight to Dr. Joseph's opinion. First, it is undisputed that the ALJ acknowledged that Joseph examined the plaintiff. Second, the ALJ did note the treatment relationship. The ALJ stated that Joseph saw the plaintiff for a one-time psychological consultative evaluation after her insured status expired. Third, the ALJ stated that Joseph's opinion was not supported by objective evidence. The ALJ found that Joseph's assessment was based primarily upon the plaintiff's exaggerated subjective complaints and not upon objective evidence including her own mental status evaluation and the assessment of the only examining mental health specialist who examined the plaintiff for actual mental health treatment and not to support her disability

8

claim. Fourth, the ALJ stated that the medical opinions were not consistent with other opinions. As mentioned, Dr. Joseph's opinion was inconsistent with Dr. Sullivan's, the only examining mental health specialist who examined the claimant for actual mental health treatment. The plaintiff's primary care physician reported that the plaintiff's bipolar affective disorder was in full remission. In addition, the ALJ afforded great weight to the opinions of the state agency reviewing psychologists because the ALJ found those opinions well reasoned and supported by the medical evidence of record. The plaintiff argues that the ALJ cannot solely rely on the non-examining state psychologists. The ALJ's opinion shows that he relied on the record and Dr. Sullivan's opinion, not just the opinions of the non-examining state psychologists. Fifth, the ALJ does not dispute that Joseph is a specialist. In examining the record in its entirety, the ALJ had the opinion of more physicians than just Dr. Joseph, who examined the plaintiff on one occasion at the suggestion of her counsel. The ALJ, in weighing the evidence, could find that the state psychologists' assessments of the plaintiff were more credible than Dr. Joseph's opinion. It is for the ALJ, not this Court, to weigh the evidence of record. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This Court finds that the ALJ performed the analysis required by Hines before rendering his decision and relied upon the correct factors in making his decision, which is supported by substantial evidence.

The plaintiff next contends that the magistrate judge erred in finding that the ALJ was not required to call a medical expert to determine that the plaintiff's MMPI-2 results were invalid. This Court agrees with the magistrate judge that the ALJ was not required to call a medical expert to determine that the plaintiff's MMPI-2 results were invalid because he did not request or interpret the underlying "raw" test data. The Hearings, Appeals, and Litigation Law Manual[1] ("HALLEX") I-2-5-34 requires an ALJ to consult a medical expert's opinion to evaluate and interpret background medical test data. The ALJ did not evaluate or interpret background medical test data in this case. Rather, the ALJ simply restated Dr. Joseph's finding that the MMPI testing was not valid due to the validity scales. In addition, the magistrate judge is correct that, even if there was error, the plaintiff has failed to demonstrate prejudice constituting reversible error because the ALJ did not discount the opinion of Joseph solely on the basis of the invalid MMPI-2 scores.

The plaintiff's third objection is that the magistrate judge should not have found that the ALJ provided sufficiently specific

---

[1] "HALLEX is a manual in which 'the Associate Commissioner of Hearings and Appeals conveys guiding principles, procedural guidance and information to the Office of Hearings and Appeals (OHA) staff. HALLEX includes policy statements resulting from an Appeals Council en banc meeting under the authority of the Appeals Council Chair. It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Actions levels.'" Melvin v. Astrue, 602 F. Supp. 2d 694, 699-700 (E.D.N.C. 2009) (quoting Soc. Sec. Admin., Office of Hearings and Appeals, Hearing, Appeals and Litigation Law Manual I-1-0-1 (June 21, 2005).

reasons in the decision as to why the plaintiff failed to meet Listing 12.04C by incorporating the prior decision into his opinion and weighing the impact of new evidence on that decision. The plaintiff states that the ALJ did not satisfy his obligation to compare and evaluate the medical evidence which had accumulated in the year and a half subsequent to the earlier ALJ opinion and the evidence which accumulated after the last insured date. This Court does not agree with the plaintiff that the ALJ failed to satisfy his obligation. It is true that an ALJ must identify the relevant listings and then compare each of the listed criteria to the plaintiff's symptoms. Cook, 783 F.2d at 1173. The magistrate judge correctly stated that the ALJ fulfills this duty when he provides findings and determinations sufficiently articulated to permit meaningful judiciary review. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). In this case, the ALJ incorporated the findings and conclusions made in the plaintiff's previous disability determination, which included specific findings on Listing 12.04C. The ALJ stated that the medical evidence of record did not show any significant deterioration in the plaintiff's functioning since the prior decision. The plaintiff contends that this is a conclusory statement. However, the ALJ's finding is supported by the weight he gave to the opinions of the state psychologists and Dr. Joseph. This Court agrees with the magistrate judge that the ALJ properly explained the reasoning behind why the plaintiff failed to meet Listing 12.04C.

The plaintiff objects to the magistrate judge's finding that substantial evidence supports the ALJ's determination that the plaintiff's bladder condition was not severe. To be considered severe, an impairment must significantly limit the physical or mental ability to perform basic work functions. 20 C.F.R. §§ 404.1520(c). The plaintiff contends that her bladder condition is severe. She states that she has to catheterize four times per day and that the time consuming process interferes with her ability to perform basic work functions. This Court agrees with the magistrate judge that substantial evidence in the record in this case supports the decision of the ALJ and contradicts the assertions of the plaintiff. Both the ALJ and the magistrate judge supported their position by pointing to specific evidence in the record. The ALJ also found the plaintiff not to be credible. The plaintiff contends that the inability to urinate and a requirement to catheterize oneself is "self-evidently a severe medical condition." However, the medical evidence in the record, as discussed by both the ALJ and the magistrate judge show that the catheters were prescribed for intermittent use and there is no indication in the medical records that the plaintiff was instructed by a physician to catheterize four times a day, or even regularly. The plaintiff also had the option to receive a bladder implant, which would have alleviated the condition, but instead chose not to undergo surgery. In addition, medical records show that the majority of the catheterization would not interfere with work

duties as her bladder problem primarily occurs prior to her bedtime. Evidence also shows that the plaintiff performed a wide range of daily activities during the period in which she complained of limitations. The magistrate judge is correct that the ALJ reasonably determined that the plaintiff's bladder condition would not significantly limit her ability to perform basic work activities for twelve consecutive months. Accordingly, this Court finds that the plaintiff's bladder condition was not severe.

The plaintiff next objects to the magistrate judge's finding that the Appeals Council correctly determined that the medical evidence submitted regarding the use of a catheter was not new and material information. Pursuant to 20 C.F.R. § 404.970(b), the Appeals Council shall consider evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the dates of the ALJ's decision. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins v. Sec'y, Dep't of Health and Human Serv., 953 F.2d 93, 96 (4th Cir. 1991). Evidence is not "new" if other evidence specifically addresses the issue. See id. at 96.

In this case, the Appeals Council considered the additional evidence provided by the plaintiff and determined that it did not provide a basis for changing the ALJ's decision. This Court has reviewed the additional evidence provided by the plaintiff and agrees with the magistrate judge that it is not new and material

13

for the same reasons: (1) there are ample treatment records on the record and the plaintiff has made statements as to her symptoms and the treatments received from Dr. Martinez and Dr. Demby; (2) the plaintiff testified at the hearing concerning her bladder condition and treatment; and (3) Dr. Martinez and Dr. Demby provided diagnoses and recommendations that are much less severe than those recorded by Dr. Given or testified to by the plaintiff. Accordingly, this Court finds that the Appeals Council did not err in determining that the additional evidence did not provide a basis for changing the ALJ's decision.

The plaintiff's sixth and final objection is that the magistrate judge erred in finding that substantial evidence supported the Commissioner's decision and that the magistrate judge was erroneous in stating that the plaintiff was claiming Social Security Income when she was only claiming DIB. First, the magistrate judge did not commit reversible error in stating on page 40 of his report and recommendation that the plaintiff applied for Supplemental Security Income rather than DIB. In discussing the procedural history of the case and the current application, the magistrate judge correctly stated that the plaintiff was seeking DIB. Thus, it appears that the magistrate judge incorrectly substituted the words "Supplemental Security Income" for "Disability Insurance Benefits." This Court will not decline to adopt and affirm a report and recommendation because of one typographical error. Secondly, for all of the reasons stated

above, this Court finds that the ALJ's opinion was supported by substantial evidence. It is the duty of the ALJ, not this Court to weigh the evidence in the record. See Smith, 99 F.3d at 638 ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court.").

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, the plaintiff's motion for summary judgment is DENIED, and the decision of the ALJ is AFFIRMED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:      May 20, 2011

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE